Porter J.
delivered the opinion of the court. This action was commenced in the district court to recover of the defendant, curator of a vacant estate, a sum of money alleged to be due by it. The defendant pleaded in abatement, that the court had not jurisdiction of the case; that the settlement of all matters appertaining to the estates of deceased persons, the liquidation of their accounts, and every other act relative to the same, belonged, in the first instance, to the *230 court of the parish where the case arose, viz. in the parish of St. Martins.
West'n District.
August, 1822.
The act of 1813, (2 Martin’s Dig. 188) which established the tribunal in which this action was commenced, confers on it jurisdiction “in all civil cases” that may arise in the parish where it sits. These expressions are sufficiently comprehensive to embrace that before us; and the jurisdiction must be maintained, unless at the time of passing the act the law refused an action in the ordinary way, to claims circumstanced like this; or unless the jurisdiction, if it did exist, has been since taken away.
The defendant has assumed the affirmative of both these positions.
In support of the first he has urged, that the administration of successions is reduced to a perfect system; the primary objects of which are, to secure to all an equal distribution, and to guard and protect the interests of minors; that if suits can be carried on before other tribunals than that where the succession must be regulated, that these objects will be defeated, and the estate unnecessarily burdened with costs.
As far as our knowledge of the practice *231 extends, we believe that it has been usual to bring suits such as this. This practice, contemporaneous with the establishment of the court, is somewhat against the plea, now for the first time presented, that it wants jurisdiction; as novelties should be distrusted in all subjects, and more particularly in law than any other. Still, if our inquiries bring us to the result that the action cannot be maintained, the usage under the statute ought not to affect our decision, as practice is never permitted to control the law, though, in doubtful cases, it may well serve to explain it.
By the provisions of the Civil Code, curators of vacant estates, and absent heirs, are forbidden to pay any debts due by the vacant estate, until three months after the death of the deceased, or after the same has become known for the purpose (as the law declares) of allowing sufficient time to the creditors to present their claims. By the same article, containing these regulations, the judge is authorized to extend the term for another period of three months, making in the whole six.—Civ. Code, 178, art. 136.
Within this time, during which the curator is forbid to pay, we think it manifest the cre *232 ditors cannot be permitted to sue; for the former is not in fault, and judgment could not be given against him, without violating the express commands of the law.
The article next following that just cited provides, that even after this delay the curators of vacant estates, and absent heirs, shall not proceed to the payment of the debts of the estate until they have previously obtained the authorization of the parish judge by whom they have been appointed.
It would seem, then, that the law does not contemplate that separate suits should be brought to accelerate or enforce payment; for after judgment rendered, the curator cannot pay without an order of the court of probates. This necessity of obtaining the authority of another tribunal, before the decree of the district court can be carried into effect, furnishes a very strong argument against its jurisdiction; for we are not permitted to conclude that the legislature intended so vain a thing as to allow of an action at law, where the benefit of judgment could not be obtained:— make the decrees of a superior court subject to be controlled by an inferior one, and have the estate burdened with costs, and no useful object attained by it.
*233 If we were to adopt the other alternative, that it was contemplated suits might be brought, and that an advantage could be obtained by doing so, then all the creditors would be obliged to commence actions in order to be put on an equality; which would lead to the monstrous inconvenience, that the whole of the estate would have to be settled through suits at law.
In case of insolvency the consequences would be the same to the estate, and in addition to the injury done to all who had demands on it, such proceedings might completely destroy the rights of privileged creditors. Under these circumstances, the necessity of classification by one tribunal, which can take cognizance of all the claims, is imperious, and that tribunal our law designates to be the court of probates. Civil Code, 178, art. 137. Febrero puts such a case as that before us, as one which authorizes a concurso of creditors. Febrero addic. p. 2. lib. 3. cap. 3. § 2, n. 39.
It is true, the reasons are not so strong in favour of this course where there is enough to satisfy all the debts: yet, as the law has declared that the order of the judge of probates shall be necessary even in that case, we do *234 not see how any court can give judgment that the curator shall pay without that order. And we therefore conclude, that the creditor a should present his claim to that tribunal in which is vested the power to enforce its discharge.
We have not had any difficulty in coming to this conclusion, when the debt is acknowleged by the curator, and the only object of the suit is to obtain execution. We have had more, where the claim is disputed and the action is brought to establish its existence. But even in that hypothesis, the result must be the same. We have already seen, that in cases of this kind, the district court could not execute the judgment it might render. Consequently, the only object of a suit there, would be to ascertain the debt; and it appears to us, that jurisdiction for the purpose of inquiry alone is not vested in that tribunal. Indeed such a duty would seem inconsistent with the idea we attach to courts of justice, whose attribute is to examine rights for the purpose of enforcing them. As the law has vested the judge of probates with the power of ordering payment of the demands against the estate, or rejecting them, it has necessarily conferred on him the right of examining into their justice.
Brownson for plaintiff, Brent for defendant.
The course to be pursued, under the opinion just delivered, will advance, not retard the recovery of debts due by a vacant estate, as they can be more speedily liquidated, and the succession settled, when one court takes cognizance of all the claims presented.
In the case of Donaldson v. Rust, curator of Alsop, 6 Martin, 260, the objection to jurisdiction in any other tribunal but that of probates was taken; but as the exception does not appear to have been pleaded in the inferior court, no notice was taken of it in the opinion delivered. The district court, however, had clearly jurisdiction in that case: for the suit was not brought to obtain satisfaction of any demand against the estate, but to recover specific property belonging to the plaintiff, in the hands of the curator.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.